## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **ALBERT M. REYNOLDS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIV-06-894-R** |
| | ) | |
| **NATALIE WILLIAMS, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>ORDER</u>

Plaintiff filed this action alleging the violation of his constitutional rights pursuant to 42 U.S.C. § 1983.  Pursuant to 28 U.S.C. § 636(b)(1)( B), the matter was referred to United States Magistrate Judge Bana Roberts for preliminary review.  On October 10, 2006, judge Roberts issued a Report and Recommendation, wherein she recommended that the complaint be dismissed without prejudice in light of Plaintiff's failure to establish that he had exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a).  The matter is currently before the Court on Plaintiff's objection to the Report and Recommendation.

Plaintiff argues that he failed to exhaust his remedies only because he was improperly informed about the procedures for exhausting his claims by employees of the Lawton Correctional Facility.  Plaintiff argues that because Defendant Tipp told him on the date that his items were allegedly confiscated that if he did not like it, Plaintiff could "file a grievance," encouraged non-compliance with the grievance procedures.  The undersigned disagrees.  First, as noted by Judge Roberts, according to the attachments to the complaint, Plaintiff initiated the administrative process  by filing a request to staff form on April 11,

2005, within seven days of the incident, as required by the Department of Corrections' Inmate/Offender Grievance Policy - OP-090124.  Therefore, Plaintiff cannot allege that he was lulled into foregoing his remedies by accepting Defendant Tipps' alleged invitation to ignore the proper grievance procedure.  Secondly, again as noted by Judge Roberts, the Department of Corrections' policy has a provision for filing a grievance when a request to staff goes unanswered.  However, rather than following this procedure, Plaintiff filed a second request to staff on May 11, 2005, which was rejected as being out of time.  Plaintiff should have, however, followed the Department of Corrections grievance policy and filed a grievance when he had not received a response to his April 11, 2005 request to staff within thirty days.  The filing of a second request to staff was improper and did not operate to exhaust Plaintiff's claims.  *See Woodford v. Ngo*, __U.S. __, 126 S.Ct. 2378, 2386 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings.").

Despite his allegations to the contrary, Plaintiff has not established that he was prevented from utilizing the grievance process so as to render administrative remedies "unavailable" to him.  As such, the undersigned concurs with the recommendation of Judge Roberts.  The Report and Recommendation is ADOPTED in its  ENTIRETY, and the complaint is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED THIS 4th day of January, 2007.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE